

# OFFICE OF THE ATTORNEY GENERAL

## AUSTIN

JOHN McKAY
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
HENRY S. MOORE
T. F. (TED) MORROW
JAMES N. NEFF
PAT M. NEFF, JR.
PHIL OVERTON
J. W. PEAVY
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM D. ROWELL
CHARLES RUTTA
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
ALBERT WALKER
CHARLES B. WALKER
BOB WILLIFORD

January 12,

Hon. Robert F. Cherry
County Attorney
Bosque County
Meridian, Texas

Dear Sir:

Opinion No. O-59
Re: Extra compensation and employ-
ment County Treasurer

Your letter of January 7th, enclosing an
opinion by Darden, Buxleson & Allen, Attorneys at
Law, Waco, Texas, pertaining to the question asked
therein is acknowledged received by this office. Your
question reads as follows:

"Is the amount allowed for ser-
vices, other than those rendered as
County Treasurer, a fee of office and
accountable as such in determining the
maximum compensation the County Treasurer
may receive during any one Calendar year?"

In discussing this question, I am forced to
assume that the commissioners' court has duly entered
into contract with the officer for the services to be
rendered and performed. I am unable to pass upon this
contract as no facts have been submitted.

Generally, it is within the discretion of the
commissioners' court to enter into contracts and fix
the amount of compensation for services rendered, pro-
vided such services previously contracted for are nec-
essary, the compensation fixed is reasonable and not
beyond the limit of powers given it by the Constitution
and laws of this state.

Under your question, I am constrained to view the matter from the County Treasurer's position in accepting employment and rendering services outside his official duties and whether or not the compensation agreed to be paid him is prohibited. The opinion submitted seems to deal with the question in a similar manner.

You are advised that, in my opinion, it is permissible for a County Treasurer to accept compensation for services rendered beyond the duties of his office, where the performance of such services called for are clearly not within the scope of his official duties, nor in anywise connected with or incident to the duties of the office which he holds. Such services outside his official duties do not appear to be prohibited by law. Receiving compensation for such services would be the same as any other individual qualified to seek and retain employment.

Articles 3941, 3942 and 3943, Revised Civil Statutes of 1925 and amendments thereto are applicable to the County Treasurer's office and fix a maximum compensation as same relates to only the duties of his office and have no application to extra services as referred to in your letter.

As your question involves employment between the commissioners' court and County Treasurer, I am able to agree with the conclusion reached in the brief submitted, assuming the services rendered are within the limitation placed and the authority conferred on the commissioners' court.

Yours respectfully

ATTORNEY GENERAL OF TEXAS

By _____
Assistant

TWK:AW

APPROVED:

_____
ATTORNEY GENERAL OF TEXAS